```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                              Case No. 8:18-cr-548-VMC-CPT

JAIRO GREGORIO GONZALEZ-PONCE

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Jairo Gregorio Gonzalez-Ponce's pro se construed Motion for Sentence Reduction (Doc. # 102), filed on August 23, 2021. The United States of America responded on September 10, 2021. (Doc. # 105). For the reasons set forth below, the Motion is denied.

**I.  Background**

On April 30, 2019, the Court sentenced Gonzalez-Ponce to ninety-four months' imprisonment for conspiracy to possess with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. (Doc. ## 95, 97). Gonzalez-Ponce is 36 years old and is projected to be released on September 5, 2025. See Bureau of Prisons Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on Sept. 15, 2021).

1

In his construed Motion, Gonzalez-Ponce appears to seek compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, and Federal Rule of Criminal Procedure 35(b).[1] (Doc. # 102). The United States has responded (Doc. # 105), and the Motion is now ripe for review.

## II. Discussion

### A. 18. U.S.C. § 3582(c)

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c); United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); see also United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002) (collecting cases and explaining that district courts lack the inherent authority to modify a sentence). The Court construes Gonzalez-Ponce's Motion as arguing, in part, that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may

---

[1] Gonzalez-Ponce's construed Motion cites no law supporting his request. However, pro se filings are to be construed liberally. See Winthrop-Redin v. United States, 767 F.3d 1210, 1215 (11th Cir. 2014).

> reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

"The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.; see also United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021) (holding that Section 3582(c)(1)(A) requires a defendant to first go through the administrative process, and that such administrative process is "'mandatory' in the sense that a court must enforce the rule if a party properly raises it" (citation omitted)).

The United States argues that Gonzalez-Ponce has not exhausted his administrative remedies, as there is no record that any request for compassionate release was ever sent to the warden or the BOP. (Doc. # 105 at 5). As there is no record of any administrative request, Gonzalez-Ponce's

request for compassionate release must be denied for failure to exhaust administrative remedies. See United States v. Goodwin, No. CR 16-00008-KD-MU, 2021 WL 1966825, at *2 (S.D. Ala. May 17, 2021) (denying a motion for compassionate release where the defendant "failed to provide evidence" that he had exhausted his administrative remedies).

Even if Gonzalez-Ponce had exhausted his administrative remedies, his Motion would still fail because he has not established "extraordinary and compelling" reasons for early release. The Court agrees with the United States that Gonzalez-Ponce's circumstances are not extraordinary and compelling. (Doc. # 105 at 5-7).

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons'

that might justify a reduction in a defendant's sentence."). Gonzalez-Ponce bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted").

Even construing the Motion liberally, Gonzalez-Ponce has presented no extraordinary and compelling circumstances. Gonzalez-Ponce first claims that the Court said he would be sent to Ecuador after two years' imprisonment or otherwise have his sentence reduced. (Doc. # 102). However, no record of such an alleged statement exists (Doc. # 95), nor does this assertion fit into one of the categories of extraordinary and compelling reasons for compassionate release. In addition, Gonzalez-Ponce claims that his sentence was "very harsh." (Doc. # 102). This assertion ignores the downward variance and the two-level downward departure under § 5K1.1 granted by this Court. (Doc. # 95). Regardless, Gonzalez-Ponce's belief that his sentence was harsh is not an extraordinary and compelling reason for compassionate release.

Furthermore, Gonzalez-Ponce has failed to show that he "is not a danger to the safety of any other person or to the

5

community." USSG § 1B1.13(2). Additionally, the 18 U.S.C. § 3553(a) factors do not support a reduction in sentence. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime. Here, Gonzalez-Ponce was transporting a very large amount of cocaine — approximately 850 kilograms. (Doc. # 45; Doc. # 105 at 8). Furthermore, Gonzalez-Ponce has only served a third of his sentence. (Doc. # 101; Doc. # 105 at 8). Given this, releasing him at this time would not reflect the seriousness of his crime.

Thus, this Motion is denied as to the request for compassionate release.

### B. Federal Rule of Criminal Procedure 35(b)

Gonzalez-Ponce's Motion can also be liberally construed as arguing that he should receive a sentence reduction pursuant to Federal Rule of Criminal Procedure 35(b). That rule states:

> (2) *Later Motion.* Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
>   (A) information not known to the defendant until one year or more after sentencing;
>
>   (B) information provided by the defendant to the government within one year of sentencing, but which

>     did not become useful to the government until more
>     than one year after sentencing; or
>
>        (C) information the usefulness of which could not
>     reasonably have been anticipated by the defendant
>     until more than one year after sentencing and which
>     was promptly provided to the government after its
>     usefulness was reasonably apparent to the
>     defendant.

Fed. R. Crim. P. 35(b).

The rule itself provides that the Motion must be made by the government, and the government has chosen not to file such motion here as it has determined it would not be appropriate at this time. (Doc. # 105 at 9). The only exception to the government's discretion whether to file a Rule 35 motion is that "federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." Wade v. United States, 504 U.S. 181, 185-86 (1992). However, a defendant must make a "substantial threshold" showing that the government held an unconstitutional motive before he is entitled to a remedy or even discovery on the issue. Id. at 186. Here, Gonzalez-Ponce claims that he "collaborated with the government." (Doc. # 102). But he does not so much as

allege that the government failed to file a Rule 35 motion on his behalf for an impermissible reason.

Therefore, the Court denies the Motion on this ground as well.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Jairo Gregorio Gonzalez-Ponce's pro se construed Motion for Sentence Reduction (Doc. # 102) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of October, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE